_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge



Entered on Docket
May 04, 2017

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | | |
|---|---|---|
| In re: | ) | BK-S-14-16060-MKN |
| | ) | |
| KATHLEEN LYNNE RAY, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| KATHLEEN LYNNE RAY, | ) | Adv. Proceeding No. 15-01117-MKN |
| | ) | (Lead) (Consolidated with Adversary |
| Plaintiff, | ) | Proceeding No. 16-01008-MKN) |
| | ) | |
| v. | ) | |
| | ) | |
| DEUTSCHE BANK AND NATIONAL, AS | ) | Date:  April 5, 2017 |
| TRUSTEE FOR FFMLT TRUST 2005-FF8, | ) | Time:  9:30 a.m. |
| MORTGAGE PASS-THROUGH | ) | |
| CERTIFICATE SERIES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER ON RENEWED MOTION TO DISMISS**[1]

On April 5, 2017, the court heard the Renewed Motion to Dismiss brought on behalf of

---

[1] In this Order, all references to "15ECF No." are to the numbers assigned to the documents filed in the above-captioned adversary proceeding ("Adversary Proceeding") as they appear on the adversary docket maintained by the clerk of the court. All references to "16ECF No." are to the numbers assigned to the documents filed in Adversary Proceeding No. 16-01008-MKN, which has been consolidated with this adversary proceeding pursuant to court order entered on June 21, 2016. (15ECF No. 70; 16ECF No. 50). All references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "FRCP" are to the Federal Rules of Civil Procedure. All references to "NRS" are to provisions of the Nevada Revised Statutes.

1

defendants County of Clark, Las Vegas Justice Court, Law Vegas Township Constable's Office, Richard Forbus, Sharon Graziano, and Deputy Constable Araujo ("County Defendants"). The appearances of the parties and counsel were noted on the record. After arguments were presented, the matter was taken under submission.

## BACKGROUND[2]

On September 9, 2014, Kathleen Lynne Ray ("Debtor") commenced the above-captioned Chapter 13 proceeding. (ECF No. 1).

On September 24, 2014, Debtor filed, inter alia, her real property Schedule "A" listing herself as the owner of a single family residence located at 4631 Ondoro Avenue, Las Vegas, Nevada 89141 ("Ondoro Property"). (ECF No. 13).

On February 5, 2015, Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2005-FF8, Mortgage Pass-Through Certificate Series ("DBN") filed a Motion for Relief from Automatic Stay for the Purpose of Eviction Including In Rem Relief ("Lift Stay Motion") for the purpose of completing a state court action to evict the Debtor from the Ondoro Property. (ECF No. 70).

On March 18, 2015, an Order Granting Motion for Relief from Automatic Stay for the Purpose of Eviction in favor of DBN ("Lift Stay Order") was entered. (ECF No. 94).

On July 10, 2015, Debtor filed a complaint commencing Adversary Proceeding No. 15-01117-MKN ("2015 Adversary Complaint"). (15ECF No. 1). The defendants named in that complaint consisted of DBN, Sonia Rodis, Raymond Jereza, Las Vegas Justice Court, Eighth Judicial District Court, Matthew Schriever ("Schriever"), Paul-Colten Smith, Las Vegas Township Constable's Office, Richard Forbuss, Sharon Graziano, Deputy Constable Doe, and County of Clark ("Clark County"). The 2015 Adversary Complaint asserts five claims for relief.

On October 14, 2015, DBN and Schriever filed a motion to dismiss ("DBN-Schriever Dismissal Motion"). (15ECF No. 7). The motion to dismiss was heard on November 18, 2015,

---

[2] The court takes judicial notice of all pleadings filed in Adversary Proceeding Nos. 15-01117-MKN and 16-01008-MKN, as well as the underlying bankruptcy proceeding at Case No. 14-16060-MKN.

2

1 and taken under submission.

2 On December 18, 2015, an order was entered staying Adversary Proceeding No. 15-
3 01117-MKN. (15ECF No. 48).

4 On January 13, 2016, Debtor filed a complaint commencing Adversary Proceeding No.
5 16-01008-MKN ("2016 Adversary Complaint"). (16ECF No. 1). The defendants named in the
6 2016 Adversary Complaint are the same as the 2015 Adversary Complaint: DBN, Sonia Rodis,
7 Raymond Jereza, Las Vegas Justice Court, Eighth Judicial District Court, Schriever, Paul-Colten
8 Smith, Las Vegas Township Constable's Office, Richard Forbuss, Sharon Graziano, Deputy
9 Constable Doe, and Clark County. The 2016 Adversary Complaint asserts the same five claims
10 for relief that appeared in the 2015 Adversary Complaint.

11 On February 17, 2016, Debtor filed a first amended complaint in Adversary Proceeding
12 No. 16-01008-MKN. (16ECF No. 9). On March 24, 2016, Debtor filed an errata entitled
13 "Errata: First Amended Adversary Complaint" (16ECF No. 17) that names the same defendants
14 as the 2015 Complaint and 2016 Complaint, and also names the following additional defendants:
15 First Franklin, First Franklin Financial Corporation, Cal-Western Reconveyance, Security
16 Connections, Inc., Mary Lou Marcum, Joan Cook, Krystal Hall, Vicki Sorg, and Melissa Hively.
17 Defendant Deputy Constable Doe appears to be identified and renamed as Deputy Constable
18 Araujo. The court has construed the "Errata" to be a second amended complaint ("Second
19 Amended Complaint"). The Second Amended Complaint asserts the same five claims for relief
20 alleged in the 2015 Adversary Complaint and 2016 Adversary Complaint, and adds an additional
21 claim against the non-County Defendants based on the preparation of various mortgage
22 documents.

23 On February 17, 2016, a motion to strike the Second Amended Complaint was filed by
24 DBN and Schriever ("DBN-Schriever Motion to Strike"). (16ECF No. 7).

25 On May 10, 2016, a motion to dismiss the Second Amended Complaint was filed by
26 defendants Security Connections, Inc., Mary Lou Marcum, Joan Cook, Krystal Hall, Vicki Sorg,
27 and Melissa Hively ("Security Connections Dismissal Motion"). (16ECF No. 32).

28 On May 18, 2016, an order was entered granting the DBN-Schriever Dismissal Motion

("DBN-Schriever Dismissal Order"). (15ECF No. 56).

On June 7, 2016, defendants DBN and Schriever joined in the Security Connections Dismissal Motion. (16ECF No. 42).

On June 10, 2016, a motion to dismiss was filed by defendants Bank of America ("BOA") and First Franklin Financial Corporation ("First Franklin") ("BOA-First Franklin Dismissal Motion"). (16ECF No. 45).

On June 15, 2016, BOA and First Franklin joined in the Security Connections Dismissal Motion. (16ECF No. 46).

On June 16, 2016, the Security Connections Dismissal Motion was heard and taken under submission.

On June 21, 2016, defendants Security Connections, Inc., Mary Lou Marcum, Joan Cook, Krystall Hall, Vicki Sorg, and Melissa Hively joined in the BOA-First Franklin Dismissal Motion. (16ECF No. 49).

On June 21, 2016, the court entered its order on the DBN-Schriever Motion to Strike ("Strike Order"). (15ECF No. 70; 16ECF No. 50). For the reasons stated in the Strike Order, the court dismissed claims for relief two through six of the Second Amended Complaint[3] against DBN and Schriever. In the Strike Order, the court also consolidated Adversary Proceeding No. 16-01008 with Adversary Proceeding No. 15-01117 (with Adversary Proceeding No. 15-01117 serving as the lead adversary case), and the court deemed the remainder of the Second Amended Complaint as an amended complaint filed in Adversary Proceeding No. 15-01117.[4]

On August 25, 2016, the court conducted a hearing on the BOA-First Franklin Dismissal Motion. After the hearing, the court took the matter was taken under submission.

On September 22, 2016, a separate motion to dismiss was filed by the County

---

[3] Claims two through six of the Second Amended Complaint were the same as claims one through five of the 2015 Adversary Complaint. All of those claims were encompassed by the DBN-Schriever Dismissal Order.

[4] Unfortunately, the parties to this consolidated adversary proceeding have not consistently filed documents in the lead case.

4

Defendants. (15ECF No. 95). The County Defendants did not schedule their motion for a hearing, however, and on January 5, 2017, Debtor filed a motion to strike that motion. (15ECF No. 96).

On January 11, 2017, an order was entered granting the Security Connections Dismissal Motion. (16ECF No. 70).

On January 11, 2017, an order was entered granting the BOA-First Franklin Dismissal Motion. (15ECF No. 102).

On February 8, 2017, an order was entered granting Debtor's motion to strike, without prejudice to the County Defendants refiling the dismissal motion and properly noticing it for hearing. (15ECF No. 111).

On March 2, 2017, the instant Renewed Dismissal Motion was filed. (15ECF No. 124).

On March 22, 2017, Debtor filed her response ("Opposition"). (15ECF No. 130).

## THE PERTINENT ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Debtor alleges that since 2001, she has occupied and owned the Ondoro Property. See Second Amended Complaint at ¶¶ 14-15. She alleges that between January 2006 through February 2009, some or all of the named defendants, other than the County Defendants, were involved in either improperly forging, assigning, and/or recording documents affecting the Debtor's interest in the Ondoro Property. Id. at ¶ 17.

Debtor alleges that on July 21, 2010, DBN obtained title to the Ondoro Property pursuant to a trustee's sale and a recorded foreclosure deed. Id. See Second Amended Complaint at ¶ 20. She subsequently "commenced a series of actions to reclaim title." Id. at ¶ 20. Debtor alleges that "The original state cause of action was dismissed for procedural defect in service rendering the state district court without personal or subject matter jurisdiction, affirmed by the Nevada State Supreme Court[,]" and Plaintiff's subsequent actions were "ruled 'res judicata.'" Id. at ¶ 21.

Debtor alleges that on August 27, 2014, DBN, by and through its attorneys, obtained a

temporary writ of restitution from the Las Vegas Justice Court in Case No. 14C08115.[5]  See Second Amended Complaint at ¶ 24.  She asserts that "The State District Court attempted to avoid hearing the state appeal in violation of *Lippis v. Peters*, 112 Nev. 1008, 921 P.2d 1248 (1996) and constitutional precepts of Due Process."  Id. at ¶ 32.

Debtor alleges that "[Matthew] Schriever, knowing Plaintiff to be a Senior and believing Plaintiff was no longer represented, acted in pattern and practice of targeting seniors without representation, and on behalf of and in concert with [DBN] and [DBN's] agent, Paul-Colten Smith, and the Las Vegas Township Constable's Office, to secure an illegal lockout in an attempt to circumvent Plaintiff's right to have the case heard on the merits."  See Second Amended Complaint at ¶ 29.  Plaintiff alleges that "on May 28, 2015, while the 62 year old Plaintiff was appearing in her official capacity (Ms. Senior Nevada) at a veteran's ceremony hosted by Nevada Governor Sandoval, the illegal lockout was performed by the Las Vegas Township Constable's Office under LVJC Case 14C008115 [sic] by the direction of Schriever, [DBN], and [DBN's] agent, Paul-Colten Smith."  Id. at ¶ 30.  Plaintiff alleges that she brought "the fraud to the attention of the Constable, Richard Forbuss and Sharon Graziano, [but] said individuals refused to act to restore Plaintiff to her property."  Id. at ¶ 31.

Debtor asserts that "with exception as to the documents stated as void ab initio, the primary causes of action as alleged center on the illegal May 28, 2015 lock out and the cruel killing of Plaintiff's animals."  See Second Amended Complaint at ¶ 34.  Thereafter, the balance of the complaint refers to the County Defendants in connection with the issuance and enforcement of a temporary writ of possession of the Ondoro Property, including references to a civil rights violation under 42 U.S.C. § 1983 ("§ 1983").  Id. at ¶¶ 35, 41, 65, 72, 74, 79, and 85.

## APPLICABLE LEGAL STANDARDS

The Dismissal Motion is brought pursuant to FRCP 12(b)(6), applicable in adversary proceedings through FRBP 7012.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its

---

[5] Plaintiff listed the case number as being "14C08115" in the Second Amended Complaint, but the correct case number is "14C008115."

6

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. citing Twombly, 550 U.S. at 556. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 quoting Twombly, 550 U.S. at 557. "[L]eave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleadings could not possibly cure the deficiency." DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

The Second Amended Complaint is framed as six claims for relief. All of the claims have been addressed in connection with prior orders entered in this adversary proceeding.

On May 18, 2016, an order was entered granting the motion to dismiss brought by defendants DBN and Schriever with respect to the 2015 Adversary Complaint. (15ECF No. 56). The first, second and third claims were dismissed for lack of jurisdiction, without prejudice to assertion of the claims in the appropriate forum. The fourth claim for violation of the automatic stay was dismissed with prejudice because relief from stay was previously granted. The fifth claim for relief for adverse possession also was dismissed with prejudice because Debtor did not occupy the Ondoro Property for the period required by NRS 40.090.

On June 21, 2016, an order was entered striking the second through sixth claims in the Second Amended Complaint with respect to defendants DBN and Schriever because those claims were duplicative of the first through fifth claims in the 2015 Adversary Complaint that were dismissed by the DBN-Schriever Dismissal Order.

On January 11, 2017, an order was entered granting the BOA-First Franklin Dismissal Motion that was joined by defendants DBN, Schriever, Security Connections, Inc., Mary Lou Marcum, Joan Cook, Krystal Hall, Vicki Sorg, and Melissa Hively. The first claim for relief that

1  Debtor added to the Second Amended Complaint was dismissed with prejudice on standing and
2  res judicata grounds. The second, third and fourth claims for relief were dismissed for lack of
3  subject matter jurisdiction. The fifth claim for relief was dismissed with prejudice because relief
4  from stay was previously granted. The sixth claim for relief for adverse possession was
5  dismissed with prejudice because Debtor did not occupy the Ondoro Property for the period
6  required to establish a claim for adverse possession under Nevada law.

7  On January 11, 2017, an order also was entered granting the Security Connections
8  Dismissal Motion that was joined by defendants DBN, Schriever, BOA and First Franklin. The
9  first, second, third and fourth claims in the Second Amended Complaint were dismissed for
10 failure to plead facts on which claims could be based, as well as a lack of jurisdiction. The fifth
11 claim for relief was dismissed with prejudice because relief from stay was previously granted.
12 The sixth claim for relief for adverse possession was dismissed with prejudice because Debtor
13 did not occupy the Ondoro Property for the period required to establish a claim for adverse
14 possession under Nevada law.

15 The County Defendants now seek to dismiss the Second Amended Complaint primarily
16 on two grounds: (1) that they are not "debt collectors" with respect to any claims asserted under
17 the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and (2) that legal
18 immunity applies to their conduct. Additionally, the County Defendants argue that the Debtor
19 has not alleged any civil rights claim under § 1983 for which relief may be granted.

20 In her response, Debtor asserts that defendants DBN and Schriever violated the FDCPA,
21 see Opposition at 4:12-16, but does not address whether the County Defendants are debt
22 collectors within the meaning of the FDCPA. Likewise, Debtor does not address whether
23 immunity - absolute or qualified - applies to the County Defendants. Finally, Debtor does not
24 address whether the Second Amended Complaint states a claim for relief under the federal civil
25 rights statute.

26 **1.    Applicability of the FDCPA**

27 It is clear that "The FDCPA imposes liability only when an entity is attempting to collect
28 a debt. For purposes of the FDCPA, the word 'debt' is synonymous with 'money.' Thus, [a

defendant] would only be liable if it attempted to collect money from [the plaintiff].'" Bernabe v. Ditech Financial LLC, 2017 WL 773864, at *2 (D. Nev. Feb. 27, 2017), quoting Ho v. ReconTrust Co., N.A., 840 F.3d 618, 621 (9th Cir. 2016).

In the instant case, there is no dispute that the Lift Stay Order was entered on March 18, 2015, authorizing DBN to proceed with eviction of the Debtor from the Ondoro Property. Nothing in the Lift Stay Order authorized DBN, or any other party, to collect any money or other debt from the Debtor. Inasmuch as the Second Amended Complaint does not even assert that the County Defendants were attempting to collect money from the Debtor, the FDCPA is not applicable.

Even if collection of money from the Debtor was being attempted, it also appears that the County Defendants are not "debt collectors" under the FDCPA. A debt collector includes:

> any person...who [engages] in any business the principal purpose of which is the collection or any debts, or who regularly collects or attempts to collect, directly or indirectly debts owed or due or asserted to be owed or due to another...For the purpose of section 1692f(6) of this title, such term also includes any person who...[engages] in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). Inasmuch as none of the County Defendants are alleged to be engaged in any business whatsoever, nor are they alleged to regularly collect or attempt to collect debts of other parties, they would not be debt collectors within the meaning of the FDCPA. See, e.g., Dowers v. Nationstar Mortgage, LLC, 852 F.3d 964, 969 (9th Cir. 2017)("...if Defendants were not acting as 'debt collectors' when interacting with Plaintiffs, these claims should be dismissed."). Moreover, by ignoring the County Defendants' arguments, Debtor also has offered no authority suggesting that the requirements of the FDCPA actually apply to the County Defendants.

Under these circumstances, Debtor has failed to state a claim under the FDCPA for which relief may be granted.

**2.     Immunity of the County Defendants.**

Included amongst the County Defendants are the Las Vegas Justice Court and the Eighth Judicial District Court. As entities that are created under state law to resolve cases properly

presented to them, see Nev. Const. Art. 6, §§ 1 and 6, courts are instrumentalities of state government that are immune from civil liability for performing their functions. Moreover, because a court's judicial function is carried out only through its judicial officers, a court also cloaked with the same immunity that protects judicial officers. Individual judges performing decision-making functions of a court have judicial immunity from civil liability. See Polk v. Du, 2016 WL 1725974, at *4 (D. Nev. Mar. 4, 2016), citing, Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). Judicial immunity also extends to officials who execute orders issued by the court. See Coverdell v. Department of Social Services, 834 F.2d 758, 765 (9th Cir. 1987).

Also included amongst the County Defendants are Clark County, the Las Vegas Township Constable's Office ("Constable's Office"), Richard Forbuss ("Forbuss"), Sharon Graziano ("Graziano"), and Deputy Constable Araujo ("Araujo"). Clark County is alleged to be the supervising agency of the Constable's Office and all of the individuals are alleged to be part of the Constable's Office. See Second Amended Complaint at ¶ 11(i). All of the actionable conduct of these County Defendants stems from the execution of a writ of restitution issued by the Justice Court that Debtor appealed to the District Court. See id. at ¶¶ 24, 28, 29, 30, 31, 41, 65, 72, 74, 76, 79, and 85.

Debtor's complaint alleges that the judges of the Las Vegas Justice Court and the Eighth Judicial District Court were performing functions normally performed by a judge, even if she disagrees with their rulings. See Stump v. Sparkman, 435 U.S. 349, 362 (1978); see e.g., O'Connor v. Reed, 5 F.3d 538 (9th Cir. 1993)(dismissal of action against federal trial judges, as well as Nevada appellate and trial judges, based on judicial immunity). As they were acts of a judicial nature, absolute judicial immunity applies.

In carrying out the order of the Justice Court, the Constable's Office also was entitled to "quasi-judicial" immunity. Compare Gozzi v. County of Monterey, 2014 WL 6988632, at * 6 (N.D. Cal. Dec. 10, 2014); Carey v. United States, 2011 U.S. Dist. LEXIS 93480, at *9-10 (E.D. Cal. Aug. 19, 2011).

As individuals, Forbuss, Graziano, and Araujo also are entitled to "qualified" immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity shields a governmental

employee who is performing his or her duties unless the plaintiff can demonstrate both that a right has been violated and that the right was clearly established at the time. See Saucier v. Katz, 533 U.S. 194, 201 (2001). See, e.g., Brooks v. Clark County, 828 F.3d 910, 920-21 (9th Cir. 2016)(qualified immunity available to marshal whose use of force was not indisputably unconstitutional). While Debtor disputes the validity of the writ of restitution issued by the Las Vegas Justice Court, she does not even allege that Forbuss, Graziano, and Araujo knew that the writ was invalid at the time the writ of restitution was executed.[6] On its face, it appears that the individual County Defendants also would be entitled to qualified immunity.[7]

Under these circumstances, Debtor has failed to state a claim for which relief can be granted against the County Defendants.

### 3. Liability of the County Entities under 42 U.S.C. § 1983.

As previously noted, the County Defendants include Clark County, the Las Vegas Justice Court, and the Constable's Office, as well as the Eighth Judicial District Court. In her fourth claim for relief entitled "{Illegal Lockout / Oppression / Violation of Federal FDCPA 15 U.S.C. § 1692}," Debtor includes an allegation that "In connection with the Las Vegas Township Constable's Office, Forbuss, Graziano, Deputy Constable Araujo and Clark County, such acts also constitute oppression under color of law, 42 U.S.C. § 1983, for which qualified good faith immunity does not apply." Second Amended Complaint at ¶ 79. In her fifth claim of relief entitled "{Violation of Automatic Stay, BK Rule 2002(e) & 11 U.S.C. §362(k)}," Debtor includes an allegation that "In connection with the Las Vegas Township Constable's Office, Forbuss, Graziano, Deputy Constable Araujo and Clark County, such acts also constitute oppression under color of law, 42 U.S.C. § 1983, and the deprivation of a property interest

---

[6] Debtor alleges that only after the writ of restitution was executed, she brought the alleged fraud of DBN, Schriever and DBN's agent to the attention of the Forbuss and Graziano. See Second Amended Complaint at ¶¶ 30 and 31.

[7] As to the individual County Defendants, Debtor alleges that qualified good faith immunity does not apply to a claim brought under 42 U.S.C. § 1983. See Second Amended Complaint at ¶ 79. This allegation misstates the law. See, e.g., Filarsky v. Delia, 566 U.S. 377, 389 (2012)(qualified immunity applicable in § 1983 action against a city employee).

11

without due process." Second Amended Complaint at ¶ 85.[8]

Municipal entities cannot be held liable for the acts of their employees under § 1983 based on *respondeat superior*. See Monell v. City of New York, 436 U.S. 658, 691 (1978). Instead, a municipal entity will be liable under Section 1983, only if the employee is carrying out an official municipal policy. Id. The plaintiff must demonstrate: (1) that a constitutional right was violated, (2) that the municipality had an official policy, (3) that the policy constitutes a deliberate indifference to the right of the plaintiff, and (4) that the policy was the "moving force" behind the violation. See Plumeau v. Yamhill School District, 130 F.3d 432, 438 (9th Cir. 1997). A municipal policy or custom may be demonstrated through the existence of a "permanent and well-settled" practice. See Thompson v. City of Los Angeles, 885 F.d 1439, 1443-44 (9th Cir. 1989), overturned on other grounds, Bull v. City & County of San Francisco, 595 F.3d 964, 977 (9th Cir. 2010).

Debtor's suggestion of liability under § 1983 appears to be directed to Clark County and the Constable's Office, rather than the Las Vegas Justice Court or the Eighth Judicial District Court. Debtor does not allege, however, that Clark County or the Constable's Office had a policy, custom, or practice constituting a deliberate indifference to her rights. Moreover, she does not allege that a policy, custom, or permanent practice of Clark County or the Constable's Office was the proximate cause of the alleged violation of her constitutional rights. In short, none of the factual allegations necessary to find any of the municipal entities liable under § 1983 have been pled.

Under these circumstances, dismissal for failure to state a claim under 42 U.S.C. § 1983 also is appropriate.

---

[8] In the third claim for relief entitled "{Class Action / State and Federal Constitutional Due Process / Statutory Violations}," Debtor includes an allegation that "Defendants Deutsche Bank, Jereza, Schriever, Las Vegas Justice Court and the Eighth Judicial District Court of Nevada violated the Constitutional Rights of the Plaintiff to Due Process and First Amendment access to the judicial process and redress by seeking, obtaining and issuing temporary writs of restitution without requiring the posting of bond (neither undertaking NRS 18.130 nor writ, NRS 40.300(3)(c)), without the conduct of mandatory jury trials, and thereafter denying appeals as "inappropriate" for "temporary writs." Second Amended Complaint at ¶ 65. The third claim for relief makes no reference to seeking relief under 42 U.S.C. § 1983.

1  Debtor's response to the Renewed Dismissal Motion requests leave to amend the Second
2  Amended Complaint, <u>see</u> Opposition at 1:21 and 7:9-9, but makes no suggestion of any
3  additional factual allegations she could make to overcome the legal deficiencies raised by the
4  County Defendants. Inasmuch as the Debtor named the County Defendants in her 2015
5  Adversary Complaint and in her 2016 Adversary Complaint, the court concludes that further
6  amendments to the Second Amended Complaint could not cure the deficiencies, and therefore,
7  would be futile. As a result, leave to amend is denied.

8  **IT IS THEREFORE ORDERED** that the Renewed Motion to Dismiss brought by
9  County of Clark, Las Vegas Justice Court, Las Vegas Township Constable's Office, Richard
10  Forbus, Sharon Graziano, and Deputy Constable Araujo, Adversary Docket No. 124, be, and the
11  same hereby is, **GRANTED.**

13  Copies sent to all parties via BNC and via CM/ECF ELECTRONIC FILING

15  Copies sent via BNC to:
16  KATHLEEN LYNNE RAY
    4631 ONDORO AVE.
17  LAS VEGAS, NV 89141

18  COUNTY OF CLARK
    500 S GRAND CENTRAL PKY
19  LAS VEGAS, NV 89155-2215

20  DEPUTY CONSTABLE ARAUJO
    302 E CARSON AVE, 5TH FLR
21  LAS VEGAS, NV 89101

22  EIGHTH JUDICIAL DISTRICT COURT
    C/O CLERK 200 LEWIS AVE 3RD FLR
23  LAS VEGAS, NV 89101

24  RICHARD FORBUSS
    302 E CARSON AVE, 5TH FLR
25  LAS VEGAS, NV 89101

26  SHARON GRAZIANO
    302 E CARSON AVE, 5TH FLR
27  LAS VEGAS, NV 89101

28

1 | RAYMOND JEREZA
  | 7785 W SAHARA AVE, #200
2 | LAS VEGAS, NV 89117

3 | LAS VEGAS JUSTICE COURT
  | C/O CLERK
4 | 200 LEWIS AVE, 2ND FLR
  | LAS VEGAS, NV 89101
5 |
  | LAS VEGAS TOWNSHIP CONSTABLE'S OFFICE
6 | 302 E CARSON 5TH FLR.
  | LAS VEGAS, NV 89101
7 |
  | SEAN N. PAYNE
8 | 7785 W. SAHARA AVE SUITE 200
  | LAS VEGAS, NV 89117
9 |
  | SONIA RODIS
10 | 172 WELLSPRING AVE
   | LAS VEGAS, NV 89183
11 |
   | SONIA RODIS
12 | 215 E. BONANZA
   | LAS VEGAS, NV 89101
13 |
   | PAUL-COLTEN SMITH
14 | 6920 SOUTH RAINBOW AVE
   | LAS VEGAS, NV 89118

### # # #