RECEIVED
AND FILED

2017 JUN 30 PM 4: 18

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

**FILED**

JUN 08 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re:                                                                  ) | BAP No.   NV-17-1053 |
|                                                                         ) | |
| KATHLEEN LYNNE RAY,                                                     ) | Bk. No.   2:14-bk-16060-MKN |
|                                                                         ) | |
|            Debtor.                                                      ) | Adv. No.  2:15-ap-01117-MKN |
| _____ ) | |
|                                                                         ) | |
| KATHLEEN LYNNE RAY,                                                     ) | |
|                                                                         ) | |
|            Appellant,                                                   ) | |
| v.                                                                      ) | **ORDER DISMISSING APPEAL** |
|                                                                         ) | |
| CLARK COUNTY; LAS VEGAS JUSTICE                                         ) | |
| COURT; LAS VEGAS TOWNSHIP                                               ) | |
| CONSTABLE'S OFFICE; RICHARD FORBUS;                                     ) | |
| SHARON GRAZIANO; DEPUTY CONSTABLE                                       ) | |
| ARAUJO; DEUTSCHE BANK AG; DEUTSCHE                                      ) | |
| BANK NATIONAL TRUST COMPANY,                                            ) | |
| Trustee for FFMLT Trust 2005-FF8,                                       ) | |
| Mortgage Pass-Through Certificate                                       ) | |
| Series; DEUTSCHE BANK USA; MATTHEW                                      ) | |
| SCHRIEVER; SPECIALIZED LOAN                                             ) | |
| SERVICING, LLC; TIFFANY AND BOSCO;                                      ) | |
| MELISSA HIVELY; JOAN COOK; KRYSTAL                                      ) | |
| HALL; MARY LOU MARCUM; SECURITY                                         ) | |
| CONNECTIONS, INC.; VICKI SORG;                                          ) | |
| FIRST FRANKLIN; FIRST FRANKLIN                                          ) | |
| FINANCIAL CORPORATION; BANK OF                                          ) | |
| AMERICA; CAL-WESTERN RECONVEYANCE;                                      ) | |
| SONIA RODIS; RAYMOND JEREZA;                                            ) | |
| EIGHTH JUDICIAL DISTRICT COURT;                                         ) | |
| PAUL-COLTEN SMITH,                                                      ) | |
|                                                                         ) | |
|            Appellees.                                                   ) | |
| _____ ) | |

BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT
A True Copy
Attest:
Susan M. Spraul, Clerk
by Deputy Clerk (Vincent J. Barbato)
DATE: 06/29/17

Before:  FARIS, JURY, and LAFFERTY, Bankruptcy Judges.

   On February 15, 2017, appellant Kathleen Lynne Ray filed a

notice of appeal. The notice refers to ten separate orders entered in a consolidated adversary proceeding. The orders are:

    1. Order on Motion to Strike County Defendants' Abandoned Motion to Dismiss (#95), entered on February 8, 2017 [docket 111][1];

    2. Order on Motion to Dismiss, entered on May 18, 2016 [docket 56];

    3. Order on Rule 59 Motion to Vacate, Reconsider, Alter or Amend Order, entered on January 11, 2017 [docket 99];

    4. Order on Motion to Strike Adversary Complaint, entered on June 21, 2016 [docket 70];

    5. Order on Rule 59 Motion to Vacate, Reconsider, Alter or Amend Order (#70), entered on January 11, 2017 [docket 100];

    6. Order on Motion to Dismiss by Bank of America and First Franklin Financial Corporation, entered on January 11, 2017 [docket 102];

    7. Order on Motion to Enter Default and Default Judgment Re: Errata: First Amended Adversary Complaint (#17), entered September 16, 2016 [adv. 16-1008, docket 60];

    8. Order on Plaintiff's Rule 59 Motion (#60, 16-1008), entered on January 11, 2017 [adv. 16-1008, docket 75];

    9. Order on Motion to Dismiss Plaintiff's Errata: First Ammended [Sic] Adversary Complaint, entered January 11, 2017 [adv. 16-1008, docket 70]; and

    10. Order on Motion to Dismiss by Bank of America and First Franklin Financial Corporation, entered on January 11, 2017 [adv. 16-1008, docket 73].

---

[1] Unless otherwise noted, we will use the docket entry numbers assigned in the 15-1117 adversary proceeding.

2

On May 5, 2017, Ms. Ray filed an amended notice of appeal which added the following order to this appeal:

> 11. Order on Renewed Motion to Dismiss, entered on May 4, 2017 [docket 133].

For convenience, we will refer to these orders by number.

The BAP Clerk has issued a notice questioning the timeliness of the notice of appeal, and Ms. Ray has responded. This prompts us to consider the extent of our jurisdiction over this appeal.

In general, we have jurisdiction where (1) the appeal is taken from one or more "final judgments, orders and decrees," 28 U.S.C. § 158(a)(1), (b), and (2) the notice of appeal is filed timely, Slimick v. Silva (In re Slimick), 928 F.2d 304, 306 (9th Cir. 1990).

Generally speaking, a "final" order in an adversary proceeding is one that decides all claims as to all parties, that the trial court intends to be its final word on the matter, and that leaves nothing for the trial court to do other than enforce the judgment.[2]  Fed. R. Civ. P. 54(b); Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 870 (9th Cir. 2004); Elliott v. Four Seasons Props. (In re Frontier Props., Inc.), 979 F.2d 1358, 1362 (9th Cir. 1992). In an action involving multiple claims or multiple parties, the trial court

---

[2] Certain kinds of orders are appealable under the "collateral order" doctrine. None of the orders covered by this notice of appeal qualifies as a "collateral order."

3

may certify as final an order that disposes of at least one but fewer than all claims, or all claims against at least one but fewer than all of the parties, "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b), made applicable by Fed R. Bankr. P. 7054.

None of these eleven orders is "final."

Order 1 struck a motion to dismiss filed by some of the defendants, but permitted those defendants to refile another motion to dismiss. This order is not final because it contemplated further action in the bankruptcy court.

Order 2 granted a motion to dismiss by some defendants only as to some claims. Order 3 denied Ms. Ray's motion for relief from Order 2. Because neither Order 2 nor Order 3 decided the entire case, and the bankruptcy court did not certify these orders as final or make the required express determination, Order 2 and Order 3 were not final and immediately appealable when entered.

Order 4 is an order in which the bankruptcy court dismissed some (but not all) counts of the complaint against some (but not all) defendants, ordered the two adversary proceedings (15-1117 and 16-1008) consolidated, and treated the complaint that was last filed in the two adversary proceedings as the operative complaint in the consolidated proceeding. Order 5 denied Ms. Ray's motion for relief from Order 4. These orders did not

4

resolve the entire case and do not include an express determination of finality.

Order 6 granted a motion to dismiss all claims against some (but not all) defendants. Because the order did not decide the entire case, and the bankruptcy court did not certify this judgment as final or make the required express determination, this order was not final and immediately appealable when entered.

Order 7 denied Ms. Ray's request for a default judgment based on Ms. Ray's failure properly to serve the complaint. Order 8 denied Ms. Ray's motion for relief from Order 7. Neither Order 7 nor Order 8 precluded her from making another attempt at proper service and thus both orders contemplated further action in the bankruptcy court.

Orders 9 and 10 dismissed all claims against some (but not all) of the remaining defendants. Because the orders did not decide the entire case, and the bankruptcy court did not certify these judgment as final or make the required express determination, these orders were not final and immediately appealable when entered.

Order 11 granted a motion to dismiss filed by the "County Defendants." Standing alone, Order 11 is not appealable. Taken together, Orders 6, 9, 10 and 11 mean that the bankruptcy court has dismissed the complaint against all defendants except those whom Ms. Ray has not served. But because the bankruptcy court

5

has never entered an order expressly deciding the claims against the unserved defendants, there is still no final order. In some circumstances, an order dismissing a complaint against all parties except unserved defendants "may be considered final." Patchick v. Kensington Publishing Corp., 743 F.2d 675, 677 (9th Cir. 1984). But this is not true if "it is clear from the course of proceedings that further adjudication is contemplated." Disabled Rights Action Comm., 375 F.3d at 871. In this case, we do not think that the bankruptcy court intended the appealed orders to be its final act. See Casey v. Albertson's Inc., 362 F.3d 1254, 1258 (9th Cir. 2004) (A final order should "clearly evidence[] the judge's intention that it be the court's final act in the matter.") Our conclusion is reinforced by the fact that the bankruptcy court has not entered a separate judgment in compliance with Fed R. Civ. P. 58(a), made applicable by Fed. R. Bankr. P. 7058. See Disabled Rights Action Comm., 375 F.3d at 869-72.

Therefore, we conclude that none of the eleven orders being appealed, taken separately or together, is appealable.

This is not the end of the inquiry, because we have discretion to consider appeals taken from non-final (interlocutory) orders. Two requirements apply: first, the notice of appeal must be filed within fourteen days after entry

of the order being appealed;[3] and second, the appeal must satisfy the standard set forth in Travers v. Dragul (In re Travers), 202 B.R. 624, 626 (9th Cir. BAP 1996) (stating that "leave is appropriate if the order involves [1] a controlling question of law [2] where there is substantial ground for difference of opinion and [3] when the appeal is in the best interests of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation").

Ms. Ray filed her notice of appeal more than fourteen days after Orders 2 through 10 were entered. Therefore, we cannot consider an interlocutory appeal from those orders. Baldwin v. Redwood City, 540 F.2d 1360, 1364 (9th Cir. 1976) (appeal from an interlocutory order must be timely filed).

We decline to allow an interlocutory appeal from Order 1 or 11. We discern no question of law as to which there is substantial ground for difference of opinion, and an immediate appeal would not materially advance the termination of the litigation. Judicial economy will best be served by a future appeal, if at all, from a final disposition in the consolidated adversary proceeding so that all claims against all parties may be reviewed at once. United States v. MacDonald, 435 U.S. 850, 853 (1978) ("interlocutory or 'piecemeal' appeals are disfavored" in federal courts).

---

[3] Fed. R. Bankr. P. 8002(a)(1).

Therefore, this appeal is hereby ORDERED DISMISSED. This does not preclude Ms. Ray from challenging these orders by taking a timely appeal from a final judgment in the adversary proceeding. See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Co., 248 F.3d 892, 897-98 (9th Cir. 2001) ("party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment").

BAP#:     **NV-17-1053**
DEBTOR:   RAY, Kathleen Lynne
RE:       06/08/17 BAP Order Dismissing Appeal

## CERTIFICATE OF MAILING

The undersigned, deputy Clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document to which this certificate is attached was transmitted this date to all parties of record to this appeal, to the United States Trustee and to the Clerk of the Bankruptcy Court.

                    **By:** Vincent Barbato, Deputy Clerk
                    **Date:** June 8, 2017